UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANITE RANCH OPPORTUNITES, LLC,<br><br>        Plaintiff,<br><br>     v.<br><br>IRIS HECKER,<br><br>        Defendant. | Case No. 13-cv-02966-WHO<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 4 |

## INTRODUCTION

Plaintiff Granite Ranch Opportunities, LLC ("Granite Ranch"), moves to remand this unlawful detainer case against defendant Iris Hecker to state court. Because the Court lacks subject matter jurisdiction to hear this case, the Motion to Remand is GRANTED.

## FACTUAL BACKGROUND

Granite Ranch alleges the following in its Complaint: On April 24, 2013, Granite Ranch, at a foreclosure sale, bought real property located at 223 Belmont Avenue, Redwood City, California. Compl. ¶¶ 4, 8. Title under the sale was "duly perfected" and the foreclosure complied with California Civil Code Section 2924 *et seq.* Compl. ¶¶ 5, 6. Since the sale until the present, Hecker has been occupying the property without Granite Ranch's permission. Compl. ¶ 10. Whatever title Hecker had to the property was extinguished by the foreclosure sale. Compl. ¶ 11.

On May 8, 2013, Granite Ranch served written notice to Hecker demanding that she vacate and deliver possession of the premises to Granite Ranch within three days as required by California Code of Civil Procedure Section 1161a. Compl. ¶ 12. However, Hecker did not do so. Compl. ¶ 13.

Granite Ranch claims that the "reasonable rental rate" of the property is $3,700 per month, or approximately $123.33 per day. Compl. ¶ 14. Granite Ranch claims that Hecker has not paid it any rent or other compensation, but continues to hold-over and continue possession of the premises. Compl. ¶ 17.

**PROCEDURAL BACKGROUND**

On May 15, 2013, Granite Ranch filed its Complaint for Unlawful Detainer in the Superior Court of California, County of San Mateo. Dkt. No. 1. Granite Ranch requests restitution and possession of the premises; damages in the amount of $123.33 per day from May 14, 2013, to the date of entry of judgment or recovery of the premises; and costs of the suit. The Complaint states that Granite Ranch's "DEMAND EXCEEDS $10,000." Dkt. No. 1.

On June 27, 2013, Hecker removed the case to this Court on the basis of diversity jurisdiction and appears to allege federal question jurisdiction as well. Dkt. No. 1 at 2-3. In support of diversity, the Removal Notice appears to state that Granite Ranch is not a citizen of California. However, "[a]t this time the Defendant is a citizen of California. Dkt. No. 1 at 3. Hecker also alleges that her damages exceed $75,000. In addition, she claims that there is a "Federal Question Arising under Federal Law" because the case "concerns claims and counter-claims" and "a federal question surrounding the construction of the Pooling and Service Agreement of the Wachovia Bank Commercial Mortgage Trust Commercial Mortgage Pass-Through Certificate Serie [sic] 2004-C15." Dkt. No. 1 at 3-4. Finally, Hecker "alleges a federal question of due process rights guaranteed by the Fourteenth Amendment to the United States Constitution arising from property interests and unlawful foreclosure by Plaintiff." Dkt. No. 1 at 4.

On July 11, 2013, Granite Ranch moved to remand the case to state court. Dkt. No. 4. Hecker did not file an opposition, so on July 26, 2013, the Honorable Donna Ryu issued an Order to Show Cause and granted Hecker extra time to file an opposition. Dkt. No. 8. On August 13, 2013, this Court issued an Order to Show Cause to Hecker's counsel, Linda Z. Voss, requiring her to explain why she did not inform the Court of her suspension from the Bar of the United States District Court for the Northern District of California and why she should not be sanctioned for

failing to prosecute this case on behalf of Hecker. Dkt. No. 16. Voss did not appear at the hearing on the Order to Show Cause or the case management conference scheduled on the same day. Dkt. No. 21. Hecker appeared, however, and told the Court that she was in the process of retaining new counsel. Based on this, the Court set a hearing on this Motion for September 4, 2013, and allowed Hecker until August 29, 2013, to file an opposition to the Motion. Dkt. No. 19.

Neither Hecker nor any counsel on her behalf appeared at the hearing, and no opposition was filed to the Motion.

## LEGAL STANDARD

A civil action filed in state court may be removed to federal court by a defendant if the federal court would have had jurisdiction over the case. 28 U.S.C. § 1441(a). Generally, federal courts have jurisdiction over cases that (1) raise federal questions or (2) involve diverse parties and have an amount in controversy over $75,000. 28 U.S.C. §§ 1331, 1332. However, an action removable solely on the basis of diversity jurisdiction may not be removed if any of the defendants is a citizen of the state in which such action is brought. 28 U.S.C. § 1441(b). At any time before final judgment, a federal court must remand a removed case to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

## DISCUSSION

**I.    THE COURT LACKS FEDERAL QUESTION JURISDICTION.**

The Court lacks subject matter jurisdiction on the basis of federal question jurisdiction because no federal question is raised in the complaint. "[F]ederal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Conversely, "it is now settled law that a case may not be removed to federal court on the basis of a federal defense." *Id.*

California federal courts have repeatedly held that unlawful detainer cases brought under California Civil Code Section 1161 do not raise federal questions. *See, e.g.*, *Bank of Am., N.A. v. Arriola*, No. 12-cv-1652-JCS, 2012 WL 1996954, at *2 (N.D. Cal. June 4, 2012). Granite

3

Ranch's complaint is one for unlawful detainer under California state law.  Although Hecker's Notice of Removal makes vague references to federal questions based on claims or defenses she may raise, that is insufficient to provide jurisdiction, which must be assessed on the face of the Complaint and the claims made by the plaintiff.

### II. THE COURT LACKS DIVERSITY JURISDICTION.

The Court also lacks subject matter jurisdiction on the basis of diversity jurisdiction.  A federal court may not exercise diversity jurisdiction if "any of the parties in interest properly joined and served as defendants is a citizen in the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  Hecker admits in her Notice of Removal that "[a]t this time the Defendant is a citizen of California."  Dkt. No. 1 at 3.  Based on that admission, the Court cannot exercise jurisdiction over this case.[1]

### CONCLUSION

Because there is no basis for the Court to exercise subject matter jurisdiction over the case, the Motion to Remand is GRANTED and the case shall be returned to the Superior Court of California, County of San Mateo.

**IT IS SO ORDERED.**

Dated: September 4, 2013

WILLIAM H. ORRICK
United States District Judge

---

[1] The parties also dispute Granite Ranch's citizenship:  Granite Ranch argues that it is a citizen of California, Br. 5, whereas Hecker alleges that Granite Ranch is not a citizen of California, Dkt. No. 1 ¶ 4.  The Court need not decide now where Granite Ranch is a citizen, given Hecker's admission.  Further, even if the parties were diverse, the Court notes that there is also serious doubt that the amount in controversy exceeds $75,000.  *See Litton Loan Servicing, L.P. v. Villegas*, No. 10-cv-5478-PJH, 2011 WL 204322, at *2 ("In unlawful detainer actions, [] the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy.").